UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GRACIELA GALINDO; JESUS § 
GALINDO, SR.; EDITH GALINDO, §
Individually and as Next Friend of §
MARGARITA GALINDO, and as §
Representative of the ESTATE OF §
JESUS MANUEL GALINDO; ERICA §
LOZANO, as Next Friend of §
JOHNATHAN GALINDO and JACOB §
GALINDO; and JANNETTE FLORES §
ESTRADA, as Next Friend of LESLIE §
ESTRADA, §
§
       Plaintiffs, §
v. §     No. EP-10-CA-454-DB-NJG
§
REEVES COUNTY, TEXAS; THE GEO §
GROUP, INC.; PHYSICIANS NETWORK §
ASSOCIATION; and in their Individual §
Capacities: VERNON FARTHING, M.D.; §
WALTER BRADY, D.O.; RICHARD §
FEARS, P.A.; JAMES FITCH; LOU ANN §
MILLSAP, R.N.; FNU BULLOCK; §
Warden DWIGHT SIMS; Capt. CHAD §
DEVIVO; LT. KENNETH MARTIN; §
JAMES BURRELL, Federal Bureau of §
Prisons (BOP) Privatization Management §
Branch Administrator; MATTHEW NACE, §
Chief, BOP Acquisitions Branch; §
EDUARDO DE JESUS, M.D., BOP §
Medical Auditor; and DONNA GRUBE, §
BOP Contracting Officer, §
§
      Defendants. §

## OBJECTIONS OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION, VERNON FARTHING, M.D., RICHARD FEARS, P.A., JAMES FITCH, AND LOU ANN MILLSAP, R.N.'S TO PLAINTIFFS' DOCUMENT REQUESTS

Come now Physicians Network Association, Vernon Farthing, M.D., Richard Fears, P.A., James Fitch, and Lou Ann Millsap, R.N., defendants herein, and respectfully submit the following objections to plaintiffs' first set of document requests.


EXHIBIT
A

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants PNA, Farthing,
Fears, Fitch & Millsap

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 21st of July, 2011 by facsimile transmission to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Ms. Lisa Graybill, ACLU Foundation of Texas, P. O. Box 12905, Austin, TX 78711-2905; by mail to Mr. Eduardo R. Castillo, Assistant United States Attorneys, 700 E. San Antonio, Suite 200, El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

## DEFINITIONS

A.  These defendants object to definition 1, to the extent it seeks to impose obligations on persons who are not parties to the litigation, exceeds the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1), and local rule CV-26(b)(5), and/or seeks to violate the attorney-client and/or investigative, work product and trial preparation privileges afforded under Fed. R. Civ. P. 26(b)(3) and Fed. R. Evid. 501 and/or 502.

B.  These defendants object to definition 2, to the extent it seeks to impose obligations on persons who are not parties to the litigation, exceeds the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1), and local rule CV-26(b)(5), and/or seeks to violate the attorney-client and/or investigative, work product and trial preparation privileges afforded under Fed. R. Civ. P. 26(b)(3) and Fed. R. Evid. 501 and/or 502.

C.  These defendants object to definition 4 to the extent it seeks to exceed the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1) and local rule CV-26(b)(7).

D.  These defendants object to definition 5 to the extent it seeks to exceed the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1) and local rule CV-26(b)(1).

## INSTRUCTIONS

E.  These defendants object to instruction 1 to the extent it seeks to impose obligations to produce documents generated subsequent to the events giving rising to this lawsuit as irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Such instruction may also be construed to seek documents privileged as work product, attorney-client communications and/or trial preparation materials under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

F.  These defendants object to instruction 4, which seeks to impose greater obligations than those set forth in Fed. R. Civ. P. 34(a)(1).

G.  These defendants object to instruction 8 to the extent it seeks to impose greater obligations than those set forth in Fed. R. Civ. P. 34(b)(2).

H.  These defendants object to instruction 9, which seeks to impose greater obligations than those set forth in Fed. R. Civ. P. 34(a)(1).

I.  These defendants object to instruction 10, which seeks to impose greater obligations than those set forth in Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

J.  Request 3 provides as follows: All documents related to (that either support or undermine) any of any Defendant's affirmative defenses.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

K.  Request 6 provides as follows: All non-privileged documents provided to, received from, reviewed, consulted or created by, or relied upon in connection with this matter by any expert or opinion witness that Defendants may call at any hearing or trial in this case. This Request includes, without limitation, notes, memoranda, engagement letters and any communications (1) regarding the compensation for the expert's study or testimony; (2) that identify facts or data that Defendants' counsel provided and that the expert considered in forming the opinions to be expressed; or (3) that identify assumptions that Defendants' counsel provided and that the expert relied on in forming the opinions to be expressed.

**Objections:** The request seeks to impose greater obligations on expert disclosures than those set forth in Fed. R. Civ. P. 26(a)(2)(B), and to circumvent the time frame for disclosure of expert testimony imposed by Fed. R. Civ. P. 26(a)(2)(D).

L.  Request 7 provides as follows: A copy of the resume or curriculum vitae for every expert or opinion witness that you may call to testify at any hearing or trial in this case.

**Objections:** The request seeks to circumvent the time frame for disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2)(D).

M.  Request 9 provides as follows: Any and all documents relating or referring to Galindo or any of the plaintiffs in this matter.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

N.  Request 10 provides as follows: Any and all documents that refer to or relate to any investigation conducted or authorized regarding Galindo, including any investigation regarding the conduct of any Defendant.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety code §101.053 and or § 160.007, and/or 42 U.S.C. § 299b-22, and/or work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

O.  Request 11 provides as follows: Any and all documents relating to medical care provided (or denied) to Galindo, including his medical files, treatment plan, inmate intake screening, health appraisal, nurse's notes, and notification and documentation of off-site treatment.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code §101.053 and or § 160.007, and/or 42 U.S.C. § 299b-22, and/or work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

P. Request 13 provides as follows: Any document relating or referring to any communication by Galindo or of any person with Galindo beginning in 2007. This Request includes any correspondence, grievance, sick-call request, cop-out, kite, or response as well as phone and mail logs and audio tapes reflecting or recording communications.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

Q. Request 14 provides as follows: Any document containing, reflecting or referring to any communications, regarding Galindo. This Request includes any electronic communications, any notes or minutes of any meeting or conversation, any Utilization Review Committee reviews, and any documents reflecting communications with any individual acting on Galindo's behalf.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code §101.053 and or § 160.007, and/or 42 U.S.C. § 299b-22, and/or work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

R. Request 19 provides as follows: Any and all reports, summary, analyses, or autopsies regarding the manner or cause of death of Galindo, and any documents reflecting, referring to, or containing communications regarding the same.

**Objections:** The request is overly broad, unduly vague and ambiguous; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code §101.053 and or § 160.007, and/or 42 U.S.C. § 299b-22, and/or work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502; and constitutes an impermissible fishing expedition.

S. Request 21 provides as follows: Any and all personnel files, grievance files, disciplinary files, supervisor, or other side files, EEO files or other investigatory files that relate to any of the individual Defendants.

**Objections:** The request is overly broad; not reasonably related in terms of time or factual circumstance to issues to be determined in this case; invasive of personal and privacy rights; and an impermissible fishing expedition.

T. Request 24 provides as follows: Any and all documents that are (1) related to any proceeding against any of the Defendants whether administrative, civil, or criminal that was commenced within ten years of the filing of the Complaint in this matter and that was based upon allegations of false statements or falsifications of any kind, medical malpractice or negligence claims or any other claims based on allegations of deficient medical care, assault and battery, violation of the Eighth, Fourth, or Fourteenth amendments to the U.S. Constitution, or of a policy and practice and custom of imposing dangerous or hazardous conditions on prisoners, and that (2) reflect the claims asserted, the forum and status of the proceeding, and the disposition of the proceeding.

**Objections:** The request is overly broad, unduly vague and ambiguous; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; not reasonably related in terms of time or factual issues to this case; an impermissible fishing expedition; inclusive of documents that would be privileged as work product and/or as attorney-client communications under Fed. R. Civ. P. 501 and/or 502.

U.  Request 27 provides as follows: All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to disciplinary segregation of inmates, disciplinary housing, assignment to and removal from the SHU, monitoring inmates held in the SHU, medical care provided to inmates in the SHU, and observation of inmates requiring medical observation in the SHU at RCDC III from 2007 to the present.

    **Objections:** The request seeks to impose obligations to produce documents generated subsequent to the events giving rise to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Such request may also be construed to seek documents privileged as work product, attorney-client communications and/or trial preparation materials under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

V.  Request 28 provides as follows: All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the provision of health care to inmates, including the means of evaluating or assessing inmates for health problems; the treatment of inmates in need of medical observation, observation care, or observation beds; the provision of prescription drug medication to inmates; provision of dental care; procedures for chronic or acute care, including hospitalization and after-hours care; conducting laboratory tests and processing and reporting results; determination of which prescription medication will be prescribed to inmates; the movement of inmates from observation to a community hospital or other off-site medical services provider; and any emergency transfer plans at RCDC III from 2007 to the present. The Request also includes a copy of the Policy and Procedure (or Practice) Manual, Treatment or Patient Care Protocols, Standard Operating Procedures and BOP Clinical Practice Guidelines related to health care provision at RCDC III.

    **Objections:** The request seeks to impose obligations to produce documents generated subsequent to the events giving rise to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Moreover, the reference to "communications by the Defendants" may be construed to include matters privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

W.  Request 29 provides as follows: All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the filing, processing, or review of medical grievances received from inmates, including procedures for responding to formal or informal reports of medical grievances at RCDC III from 2007 to the present.

**Objections:** The request seeks to impose obligations to produce documents generated subsequent to the events giving rising to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Moreover, the reference to "communications by the Defendants" may be construed to include matters privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

X.    Request 30 provides as follows: All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to staffing of medical personnel at RCDC III from 2007 to the present.

    **Objections:** The request seeks to impose obligations to produce documents generated subsequent to the events giving rising to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Moreover, the reference to "communications by the Defendants" may be construed to include matters privileged as work product, trial preparation materials and/or attorney-client communications under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

Y.    Request 31 provides as follows: Any and all documents regarding the occurrence and circumstances of each death of an RCDC inmate from 2006 to the present, regardless of the inmate's physical location at the time of death and the actual or suspected cause of death. In this Request, the term "RCDC inmate" includes persons who were RCDC I, II, or III inmates at the time of their death, or who died at a health care facility or other 130P facility following transfer for medical treatment from RCDC. This Request includes any and all documents pertaining to the cause of death, reports of investigations into the circumstances surrounding the death, any requests for medical help by anyone regarding the inmate, the inmate death report submitted to BOP or Reeves County, the morality review, any Coroner's report or autopsy, and correspondence to or from BOP or any Defendant or the deceased inmate's family members.

    **Objections:** The request is overly broad, unduly vague and ambiguous; not reasonably related in terms of time or factual issues to this litigation; an impermissible fishing expedition; fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); may be construed to include documents privileged as peer review or medical committee matters under applicable federal or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code§ 101.053 and/or § 160.007, and/or 42 U.S.C. § 299b-22.

Z.    Request 34 provides as follows: Any and all documents, notes or memoranda regarding the procedures to be used for medical assessment or medical screening procedures for new inmates.

    **Objections:** The request seeks to impose obligations to produce documents generated subsequent to the events giving rising to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, pertinent to subsequent remedial measures under Fed. R. Evid. 407, and/or an impermissible fishing expedition. Such request may also be construed to seek documents privileged as work product, attorney-client communications and/or trial preparation materials under Fed. R. Civ. P. 26(b)(3), Fed. R. Evid. 501 and/or 502.

AA.     Request 35 provides as follows: Documents stating, describing, or evidencing credentials of medical staff at RCDC III from 2007 to the present, including educational, professional, and licensing information.

**Objections:** The request would include documents generated subsequent to the events giving rising to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or an impermissible fishing expedition.

BB.     Request 36 provides as follows: Any and all reports, summaries, or other compilations of data regarding the number of inmates who received medical services off site at a community hospital or other medical services provider from 2007 to the present.

**Objections:** The request would include documents generated subsequent to the events giving rising to this lawsuit that would be irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or an impermissible fishing expedition.

CC.     Request 37 provides as follows: Any and all records or documents reflecting the identity of the inmates in need of medical care or observation who were assigned to the SHU, including copies of any grievances or requests for medical assistance filed by or on behalf of such inmates from 2007 to the present along with any corresponding responses, logs or other documentation of those requests for medical assistance.

**Objections:** The request is overly broad, unduly vague and fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A); may include documents privileged under Fed. R. Evid. 501, incorporating Tex. R. Evid. 509 and 510; invasive of the personal and privacy rights of individuals who have not provided authorization for release of such information; may violate HIPAA disclosure restrictions and/or 42 U.S.C. § 299b-22; an impermissible fishing expedition; records generated subsequent to the events giving rising to this litigation would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

DD.     Request 38 provides as follows: Any and all reports, summaries, memoranda, or other compilations of data, whether formal or informal, regarding grievances and inmate complaints relating to the provision of medical care from 2007 to the present at RCDC III.

**Objection:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition.

EE.     Request 39 provides as follows: Any and all documents used in connection with training of RCDC staff, including providers of medical services, concerning disciplinary segregation of inmates, disciplinary housing, assignment to and removal from the SHU, monitoring inmates held in the SHU, medical care provided to inmates in the SHU, observation of inmates requiring medical observation in the SHU, and the provision of medical care to inmates.

**Objections:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407.

FF.     Request 40 provides as follows: A copy of the formulary list for pharmaceuticals available at RCDC III from 2007 to the present.

**Objections:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407.

GG.  Request 41 provides as follows: Any and all documents and communications reflecting policies, procedures, protocols relating to the administration of pharmacy services, whether activities related to said services are conducted at RCDC or elsewhere, including the Pharmacy Technical Reference Manual, the pharmacy policy manual, any policies, procedures, or protocols used for obtaining non-formulary medication, administering and distributing medication, or related to Medical Administration Records.

**Objection:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407.

HH.  Request 42 provides as follows:  Any and all documents and communications reflecting policies, procedures, or protocols used for allowing "keep on person" medications in the treatment of RCDC inmates.

**Objections:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407.

II.  Request 43 provides as follows:  Copies of the chronic disease log and referral log book at RCDC III from 2007 to the present.

**Objections:** Responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407. The requested would include information personal and private to individuals who have not authorized the release thereof, thus violative of Fed. R. Evid. 501,incorporating Tex. R. Evid. 509 & 510, HIPAA disclosure restrictions and/or 42 U.S.C. § 299b-22.

JJ.  Request 44 provides as follows:  Copies of the SHU Admission logs, Temporary Placement in Disciplinary Segregation Order reports, Segregation Review forms, Medical Observation Admission logs, and any other segregation or observation logs, including logs that reflect staff movements in and out of the SHU, from December 20, 2007, to December 22, 2008.

**Objections:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rising to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407. The request would include information personal and private to individuals who have not authorized the release thereof, thus violative of Fed. R. Evid. 501, incorporating Tex. R. Evid. 509 & 510, HIPAA disclosure restrictions and/or 42 U.S.C. § 299b-22.

KK. Request 45 provides as follows: 45. Any and all documents regarding assignment of inmates in the SHU facilities at RCDC I, RCDC II, and RCDC III, including the nature and custody status of the population confined in the SHU facilities, the average duration of their confinement, and access to medical services in the SHU, and documents reflecting assignment of inmates to SHU for medical purposes, from 2007 to the present.

**Objections:** The request may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; responsive documents generated subsequent to the events giving rise to this lawsuit would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and may be construed as subsequent remedial measures under Fed. R. Evid. 407. May include information personal and private to individuals who have not authorized the release thereof, thus violative of Fed. R. Evid. 501, incorporating Tex. R. Evid. 509 & 510, and federal confidentiality requirements under HIPAA and/or 42 U.S.C. § 299b-22.

LL. Request 50 provides as follows: Copies of the schedules for: sick call, physician call, and the chronic clinic.

**Objections:** The request is overly broad, unduly vague and ambiguous, and does not specify any time frame pertinent to the issues involved in this litigation.

MM. Request 52 provides as follows: Documents stating, describing, or evidencing the number and type of correctional officer and medical provider positions allotted for and actually filled in RCDC III from 2007 to the present, including any staffing plans and any documents reflecting the number of person- hours (or similar metrics) worked by correctional officer and medical care providers.

**Objections:** Responsive documents generated subsequent to the events giving rise to this litigation would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; the request may include information privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507.

NN. Request 55 provides as follows: Any and all documents related to the solicitation, evaluation, issuance, or renewal of contracts between Reeves County and GEO or PNA, including all records relating to: any initial offers, revisions to the offer, the final offer, all successful and unsuccessful bids, any amended proposals, any past performance records, technical proposal records, bid evaluation records, documents indicating the criteria to be used in making a final selection, and minutes and audio recordings of Commissioner's Court.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition.

OO. Request 56 provides as follows: Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by BOP of Reeves County, GEO, or PNA, including warnings, notifications, or other communication from BOP or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from BOP following such actions.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation.

PP.  Request 57 provides as follows: Documents relating to reviews, audits, examinations, inspections, or evaluations conducted by the Department of Justice, the Department of Homeland Security, the Office of the Inspector General, or any other governmental entity, including regulatory agencies, or by independent monitoring or evaluating entities, including JCAHO, the Commission of Accreditation for Corrections, or any other non-governmental entity. This Request includes findings, reports, memos, correspondence, audits, surveys, working papers, meeting minutes, and other documents generated by the entity conducting the inspection as well as responses regarding the findings.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation. Violates confidentiality requirements applicable to any such documents.

QQ.  Request 58 provides as follows: Any and all documents relating to reports, audits, assessments, reviews, examinations, inspections, or evaluations prepared by or for Reeves County, GEO, or PNA regarding the provision of medical care, staffing, pharmacy services or segregated housing units at RCDC III, including the composition and title of the auditing team, their working papers, and meetings minutes.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation. Violates confidentiality requirements applicable to any such documents.

RR.  Request 61 provides as follows: Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by Reeves County of GEO or PNA, including warnings, notifications, or other communication from Reeves County or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from Reeves County following such actions.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation.

SS.  Request 62 provides as follows: Any and all memoranda, letters, notes, email messages, meeting minutes or summaries, correspondence, and all other documents referring or relating to the quality, adequacy, or timeliness or health care provided at RCDC III, including all criticisms, critiques, or identification of deficiencies in the provision of medical care at RCDC III, from 2007 to the present.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation. May be continued to include documents privileged as peer review and/or medical committee matters under applicable state or federal law, including Tex. Health & Safety Code § 161.032. Tex. Occ. Code §101.053 and/or § 160.007, and/or 42 U.S.C. § 299b-22.

TT.    Request 63 provides as follows: All minutes of meetings of RCDC III medical care providers, and any other meetings at which the medical status of inmates is discussed, including medical staff meetings, housing unit meetings, infirmary staff meetings, and wardens' or deputy wardens' meetings, and meetings of any group, committee, or other body that determines whether or when a RCDC III inmate will receive out-of-institution medical care or consultation or treatment from 2007 to the present.

**Objections:** The request is overly broadly, unduly vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition. Not reasonably related in terms of time or factual circumstance to any issue to be determined in this litigation. The request may be construed to include matters privileged as peer review or medical committee matters under applicable state or federal law., including Tex. Health & Safety Code § 161.032. Tex. Occ. Code §101.053 and/or § 160.007, and/or 42 U.S.C. § 299b-22, and may violate the personal and privacy rights of individuals who are not parties to this litigation and have not provided authorization for release thereof in violation of Fed. R. Evid. 501, incorporating Tex. R. Evid. 509 & 510, and/or HIPAA disclosure restrictions.

UU.    Request 65 provides as follows: Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

**Objections:** The request is overly broad, unduly vague and ambiguous; may be construed to include documents privileged as trade secrets under Fed. R. Evid. 501, incorporating Tex. R. Evid. 507; fails to comply with the particularity requirements of Fed. R. Civ. P.26(b)(1)(A).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRACIELA GALINDO; JESUS GALINDO, SR.; EDITH GALINDO, Individually and as Next Friend of MARGARITA GALINDO, and as Representative of the ESTATE OF JESUS MANUEL GALINDO; ERICA LOZANO, as Next Friend of JOHNATHAN GALINDO and JACOB GALINDO; and JANNETTE FLORES ESTRADA, as Next Friend of LESLIE ESTRADA, | § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. EP-10-CA-454-DB-NJG |
| REEVES COUNTY, TEXAS; THE GEO GROUP, INC.; PHYSICIANS NETWORK ASSOCIATION; and in their Individual Capacities: VERNON FARTHING, M.D.; WALTER BRADY, D.O.; RICHARD FEARS, P.A.; JAMES FITCH; LOU ANN MILLSAP, R.N.; FNU BULLOCK; Warden DWIGHT SIMS; Capt. CHAD DEVIVO; LT. KENNETH MARTIN; JAMES BURRELL, Federal Bureau of Prisons (BOP) Privatization Management Branch Administrator; MATTHEW NACE, Chief, BOP Acquisitions Branch; EDUARDO DE JESUS, M.D., BOP Medical Auditor; and DONNA GRUBE, BOP Contracting Officer, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## SUPPLEMENTAL OBJECTIONS OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION, VERNON FARTHING, M.D., RICHARD FEARS, P.A., JAMES FITCH, AND LOU ANN MILLSAP, R.N. TO PLAINTIFFS' DOCUMENT REQUESTS

Come now Physicians Network Association, Vernon Farthing, M.D., Richard Fears, P.A., James Fitch, and Lou Ann Millsap, R.N., defendants herein, and respectfully submit the following supplemental objections to plaintiffs' first set of document requests, in addition to and incorporating herein their objections submitted July 21, 2011.

EXHIBIT

B

7/27.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants PNA, Farthing,
Fears, Fitch & Millsap

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 27th of July, 2011 by facsimile transmission to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Ms. Lisa Graybill, ACLU Foundation of Texas, P. O. Box 12905, Austin, TX 78711-2905; by mail to Mr. Eduardo R. Castillo, Assistant United States Attorneys, 700 E. San Antonio, Suite 200. El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

M.   Request 9 provides as follows:  Any and all documents relating or referring to Galindo or any of the plaintiffs in this matter.

  **Supplemental Objections**:  The request would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code § 101.053 and/or § 160.007, and/or 42 U.S.C. § 299b-22.

N.   Request 10 provides as follows:  Any and all documents that refer to or relate to any investigation conducted or authorized regarding Galindo, including any investigation regarding the conduct of any Defendant.

  **Supplemental Objections**:  The request would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code § 101.053 and/or 160.007, and/or 42 U.S.C. § 299b-22.

O.   Request 11 provides as follows:  Any and all documents relating to medical care provided (or denied) to Galindo, including his medical files, treatment plan, inmate intake screening, health appraisal, nurse's notes, and notification and documentation of off-site treatment.

  **Supplemental Objection**:  The request would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code § 101.053 and/or 160.007, and/or 42 U.S.C. § 299b-22.

Q.   Request 14 provides as follows:  Any document containing, reflecting or referring to any communications, regarding Galindo. This Request includes any electronic communications, any notes or minutes of any meeting or conversation, any Utilization Review Committee reviews, and any documents reflecting communications with any individual acting on Galindo's behalf.

  **Supplemental Objection**:  The request would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code § 101.053 and/or 160.007, and/or 42 U.S.C. § 299b-22.

R.   Request 19 provides as follows:  Any and all reports, summary, analyses, or autopsies regarding the manner or cause of death of Galindo, and any documents reflecting, referring to, or containing communications regarding the same.

  **Supplemental Objection**:  The request would include documents privileged as peer review and/or medical committee matters under federal and/or state law, including Tex. Health & Safety Code § 161.032, Tex. Occ. Code § 101.053 and/or 160.007, and/or 42 U.S.C. § 299b-22.

T.   Request 24 provides as follows:  Any and all documents that are (1) related to any proceeding against any of the Defendants whether administrative, civil, or criminal that was commenced within ten years of the filing of the Complaint in this matter and that was based upon allegations of false statements or falsifications of any kind, medical malpractice or negligence claims or any other claims based on allegations of deficient medical care, assault and battery, violation of the Eighth, Fourth, or Fourteenth amendments to the U.S. Constitution, or of a policy and practice and custom of imposing dangerous or hazardous conditions on prisoners, and that (2) reflect the claims asserted, the forum and status of the proceeding, and the disposition of the proceeding.

**Supplemental Objections:** Unduly burdensome and harassing; this request may be construed to include documents from any number of lawsuits, whether or not related in any fashion to the claims in this litigation many of which are or may be stored in offices and facilities in various cities and states; and may also include documents subject to work product and/or attorney-client privileges.

Y.     Request 31 provides as follows: Any and all documents regarding the occurrence and circumstances of each death of an RCDC inmate from 2006 to the present, regardless of the inmate's physical location at the time of death and the actual or suspected cause of death. In this Request, the term "RCDC inmate" includes persons who were RCDC I, II, or III inmates at the time of their death, or who died at a health care facility or other 130P facility following transfer for medical treatment from RCDC. This Request includes any and all documents pertaining to the cause of death, reports of investigations into the circumstances surrounding the death, any requests for medical help by anyone regarding the inmate, the inmate death report submitted to BOP or Reeves County, the morality review, any Coroner's report or autopsy, and correspondence to or from BOP or any Defendant or the deceased inmate's family members.

**Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

CC.     Request 37 provides as follows: Any and all records or documents reflecting the identity of the inmates in need of medical care or observation who were assigned to the SHU, including copies of any grievances or requests for medical assistance filed by or on behalf of such inmates from 2007 to the present along with any corresponding responses, logs or other documentation of those requests for medical assistance.

**Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

DD.     Request 38 provides as follows: Any and all reports, summaries, memoranda, or other compilations of data, whether formal or informal, regarding grievances and inmate complaints relating to the provision of medical care from 2007 to the present at RCDC III.

**Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a; overly broad, unduly vague, and fails to comply with the particularity requirements of Fed. R. Civ. P. 34(b)(1)(A).

GG.     Request 41 provides as follows: Any and all documents and communications reflecting policies, procedures, protocols relating to the administration of pharmacy services, whether activities related to said services are conducted at RCDC or elsewhere, including the Pharmacy Technical Reference Manual, the pharmacy policy manual, any policies, procedures, or protocols used for obtaining non-formulary medication, administering and distributing medication, or related to Medical Administration Records.

**Supplemental Objections:** Overly broad, not reasonably restricted in terms of time or subject matter or location to any issue to be determined in this litigation, thus not reasonably calculated to lead to the discovery of admissible evidence, and an impermissible fishing expedition.

II.   Request 43 provides as follows: Copies of the chronic disease log and referral log book at RCDC III from 2007 to the present.

   **Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

JJ.   Request 44 provides as follows: Copies of the SHU Admission logs, Temporary Placement in Disciplinary Segregation Order reports, Segregation Review forms, Medical Observation Admission logs, and any other segregation or observation logs, including logs that reflect staff movements in and out of the SHU, from December 20, 2007, to December 22, 2008.

   **Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

KK.   Request 45 provides as follows: Any and all documents regarding assignment of inmates in the SHU facilities at RCDC I, RCDC II, and RCDC III, including the nature and custody status of the population confined in the SHU facilities, the average duration of their confinement, and access to medical services in the SHU, and documents reflecting assignment of inmates to SHU for medical purposes, from 2007 to the present.

   **Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

NN.   Request 55 provides as follows: Any and all documents related to the solicitation, evaluation, issuance, or renewal of contracts between Reeves County and GEO or PNA, including all records relating to: any initial offers, revisions to the offer, the final offer, all successful and unsuccessful bids, any amended proposals, any past performance records, technical proposal records, bid evaluation records, documents indicating the criteria to be used in making a final selection, and minutes and audio recordings of Commissioner's Court.

   **Supplemental Objections:** The request may include classifiable and privileged as trade secrets, the disclosure of which may place the defendant PNA in a competitive disadvantage in the marketplace.

OO.   Request 56 provides as follows: Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by BOP of Reeves County, GEO, or PNA, including warnings, notifications, or other communication from BOP or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from BOP following such actions.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and the Bureau of Prisons and Reeves County and contractors.

PP.    Request 57 provides as follows: Documents relating to reviews, audits, examinations, inspections, or evaluations conducted by the Department of Justice, the Department of Homeland Security, the Office of the Inspector General, or any other governmental entity, including regulatory agencies, or by independent monitoring or evaluating entities, including JCAHO, the Commission of Accreditation for Corrections, or any other non-governmental entity. This Request includes findings, reports, memos, correspondence, audits, surveys, working papers, meeting minutes, and other documents generated by the entity conducting the inspection as well as responses regarding the findings.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and referenced agencies or bodies.

QQ.    Request 58 provides as follows: Any and all documents relating to reports, audits, assessments, reviews, examinations, inspections, or evaluations prepared by or for Reeves County, GEO, or PNA regarding the provision of medical care, staffing, pharmacy services or segregated housing units at RCDC III, including the composition and title of the auditing team, their working papers, and meetings minutes.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and referenced agencies or bodies.

RR.    Request 61 provides as follows: Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by Reeves County of GEO or PNA, including warnings, notifications, or other communication from Reeves County or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from Reeves County following such actions.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and referenced agencies or bodies.

SS.    Request 62 provides as follows: Any and all memoranda, letters, notes, email messages, meeting minutes or summaries, correspondence, and all other documents referring or relating to the quality, adequacy, or timeliness or health care provided at RCDC III, including all criticisms,

critiques, or identification of deficiencies in the provision of medical care at RCDC III, from 2007 to the present.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and referenced agencies or bodies.

TT.    Request 63 provides as follows:  All minutes of meetings of RCDC III medical care providers, and any other meetings at which the medical status of inmates is discussed, including medical staff meetings, housing unit meetings, infirmary staff meetings, and wardens' or deputy wardens' meetings, and meetings of any group, committee, or other body that determines whether or when a RCDC III inmate will receive out-of-institution medical care or consultation or treatment from 2007 to the present.

**Supplemental Objections:** The request may be construed to seek protected health information that is protected from disclosure under federal and state privacy requirements, including HIPAA, Texas patient privacy and privilege provisions, and/or 5 U.S.C. § 552a.

UU.    Request 65 provides as follows:  Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

**Supplemental Objections:** The request inquires into inter-agency and internal communications and memoranda, the disclosure of which violates public policy as they are or may relate to internal law enforcement communications and/or provision of medical services and/or the sort of inter-agency communications that, if discoverable, would stifle the free flow of information among the defendants and other governmental agencies or bodies.

VV.    Request 8 provides as follows:  Any and all documents that you intend to offer into evidence, or as a demonstrative exhibit, at trial, or intend to use to prepare for or as an exhibit at a deposition in this matter.

**Objections:**     Inquiries into these defendants' deposition and/or trial preparation and trial strategy are matters of attorney work product. The request seeks to circumvent the timeframe for disclosure of exhibits under the applicable federal rules of civil procedure and local rules.

GRACIELA GALINDO; JESUS §
GALINDO, SR.; EDITH GALINDO, §
Individually and as Next Friend of §
MARGARITA GALINDO, and as §
Representative of the ESTATE OF §
JESUS MANUEL GALINDO; ERICA §
LOZANO, as Next Friend of §
JOHNATHAN GALINDO and JACOB §
GALINDO; and JANNETTE FLORES §
ESTRADA, as Next Friend of LESLIE §
ESTRADA, §
§
      Plaintiffs, §
v. §    No. EP-10-CA-454-DB-NJG
§
REEVES COUNTY, TEXAS; THE GEO §
GROUP, INC.; PHYSICIANS NETWORK §
ASSOCIATION; and in their Individual §
Capacities: VERNON FARTHING, M.D.; §
WALTER BRADY, D.O.; RICHARD §
FEARS, P.A.; JAMES FITCH; LOU ANN §
MILLSAP, R.N.; FNU BULLOCK; §
Warden DWIGHT SIMS; Capt. CHAD §
DEVIVO; LT. KENNETH MARTIN; §
JAMES BURRELL, Federal Bureau of §
Prisons (BOP) Privatization Management §
Branch Administrator; MATTHEW NACE, §
Chief, BOP Acquisitions Branch; §
EDUARDO DE JESUS, M.D., BOP §
Medical Auditor; and DONNA GRUBE, §
BOP Contracting Officer, §
§
      Defendants. §

## RESPONSES OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION AND VERNON FARTHING, M.D. TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Come now Physicians Network Association and Vernon Farthing, M.D., two of the defendants herein, subject to and without waiving their objections and supplemental objections, and submit the following responses to plaintiffs' first set of document requests.



Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants PNA, Farthing,
Fears, Fitch & Millsap


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 11th of August, 2011 by facsimile transmission to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Ms. Lisa Graybill, ACLU Foundation of Texas, P. O. Box 12905, Austin, TX 78711-2905; by mail to Mr. Eduardo R. Castillo, Assistant United States Attorneys, 700 E. San Antonio, Suite 200, El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

1. Any and all statements given to or by any Defendant, or agent or employees or representative thereof, that refer to or relate to the allegations in the Complaint or the defenses to those allegations.

   **Response:** These defendants have no responsive documents.

2. Any and all statements of any non-party witnesses that refer or relate to the allegations in the Complaint or the defenses to those allegations.

   **Response:** These defendants have no responsive documents.

3. All documents relating to (that either support or undermine) any of any Defendant's affirmative defenses.

   **Response:** See medical records previously produced on behalf of defendants Richard Fears, P.A., James Fitch and Lou Ann Millsap, R.N., numbered FFM 0003 through 0177, and documents produced by all other parties in discovery herein. These defendants have not yet determined what documents will be utilized in discovery and at trial.

4. All documents sent or received by you in connection with or as a result of any subpoena or document request served by you on a third party or Defendant in this matter.

   **Response:** These defendants presently have no responsive documents.

5. Copies of any and all insurance policies which do or may provide coverage for the claims in the above-captioned matter, including any policies for which coverage has been sought for this matter.

   **Response:** Copies of declarations pages for insurance policies identified in these defendants' initial disclosures were previously produced on behalf of defendants Fears, Fitch and Millsap (numbered FFM 0001 & 0002). The entire policies are available for inspection and copying at the offices of these defendants' counsel, at any mutually convenient date and time, upon reasonable notice.

6. All non-privileged documents provided to, received from, reviewed, consulted or created by, or relied upon in connection with this matter by any expert or opinion witness that Defendants may call at any hearing or trial in this case. This Request includes, without limitation, notes, memoranda, engagement letters and any communications (1) regarding the compensation for the expert's study or testimony; (2) that identify facts or data that Defendants' counsel provided and that the expert considered in forming the opinions to be expressed; or (3) that identify assumptions that Defendants' counsel provided and that the expert relied on in forming the opinions to be expressed.

   **Response:** These defendants presently have no responsive documents.

3

7.     A copy of the resume or curriculum vitae for every expert or opinion witness that you may call to testify at any hearing or trial in this case.

     **Response:**     These defendants presently have no responsive documents.

8.     Any and all documents that you intend to offer into evidence, or as a demonstrative exhibit, at trial, or intend to use to prepare for or as an exhibit at a deposition in this matter.

     **Response:**     These defendants object to inquiries into their deposition and/or trial preparation and trial strategy, which are matters of attorney work product. These defendants will comply with all requirements for disclosure of exhibits under the applicable federal and local rules of civil procedure; subject thereto, not as yet determined.

9.     Any and all documents relating or referring to Galindo or any of the plaintiffs in this matter.

     **Response:**     See records produced and/or referenced in response to request 3, and all other documents produced and/or referenced in response to the other requests herein. These defendants are withholding the following documents, which are privileged: correspondence exchanged with these defendants' counsel; correspondence exchanged with these defendants' insurance carrier(s); peer review documents, pertaining to root cause analysis concerning death of Jesus Galindo, completed on or about December 22, 2008.; pertinent documents promulgated by the Bureau of Prisons that are not being produced by the federal defendants herein and for which the Bureau of Prisons has not given these defendants permission to release.

10.     Any and all documents that refer to or relate to any investigation conducted or authorized regarding Galindo, including any investigation regarding the conduct of any Defendant.

     **Response:**     These defendants have no non-privileged documents responsive to the request. These defendants are withholding, as privileged, documents pertinent to peer review, concerning root cause analysis of the death of Jesus Galindo, completed on or about December 22, 2008, and all attorney work product.

11.     Any and all documents relating to medical care provided (or denied) to Galindo, including his medical files, treatment plan, inmate intake screening, health appraisal, nurse's notes, and notification and documentation of off-site treatment.

     **Response:**     See medical records produced on behalf of defendants Fears, Fitch and Millsap (FFM 0003 through 0177).

12.     Any and all SENTRY records related to Galindo. This Request includes metadata related to each SENTRY entry regarding Galindo, including the time each entry was made and the identity of each individual who entered data into the SENTRY system. This Request also includes any portion of any manual or other document providing definitions for any abbreviation used in any SENTRY records produced in response to these Requests.

**Response**: See any responsive records being produced by the federal defendants herein. These defendants have not received permission from the Bureau of Prisons to release any further responsive documents.

13. Any document relating or referring to any communication by Galindo or of any person with Galindo beginning in 2007. This Request includes any correspondence, grievance, sick-call request, cop-out, kite, or response as well as phone and mail logs and audio tapes reflecting or recording communications.

    **Response**: See medical records referenced in response to request 11.

14. Any document containing, reflecting or referring to any communications, regarding Galindo. This Request includes any electronic communications, any notes or minutes of any meeting or conversation, any Utilization Review Committee reviews, and any documents reflecting communications with any individual acting on Galindo's behalf.

    **Response**: See medical records referenced in response to request 11. These defendants have no further responsive documents, other than documents that are privileged in connection with peer review and root cause analysis of the death of Jesus Galindo, completed on or about December 22, 2008 and attorney work product and attorney-client communications.

15. Any and all documents relating to the assignment and placement of Galindo in SHU, including any psychological evaluations of Galindo and Galindo's SHU record.

    **Response**: These defendants have no responsive documents beyond the medical records referenced in response to request 11.

16. Any and all documents relating to any handbook or other documents provided to RCDC III inmates regarding rules, rights, responsibilities, policies, or procedures at RCDC III, including instructions on accessing medical care. This Request also includes records reflecting which materials were provided to Galindo.

    **Response**: These defendants believe that responsive documents would be under the care, custody or control of defendant GEO Group.

17. Any photographs or videos recordings taken from December 11, 2008 - December 22, 2008, taken in connection with or related to Galindo's death, including photographs or videos of any subject.

    **Response**: These defendants have no responsive items.

18. Any photographs or video recordings depicting Galindo.

    **Response**: These defendants have no responsive items other than any that has been produced in discovery by other parties herein.

19.   Any and all reports, summary, analyses, or autopsies regarding the manner or cause of death of Galindo, and any documents reflecting, referring to, or containing communications regarding the same.

   **Response:**       A copy of the medical examiner's private autopsy report and toxicology report have been produced by defendants Fears, Fitch and Millsap in their responses to plaintiffs' first document requests, identified as FFM 0043 through 0053. These defendants presently have no further non-privileged responsive documents. These defendants are withholding, as privileged, documents pertaining to peer review and root cause analysis of the death of Jesus Galindo completed on or about December 22, 2008.

20.   A copy of any personnel policy manual and employee handbook in effect from 2007 to the present.

   **Response:**       These defendants are producing a responsive document.

21.   Any and all personnel files, grievance files, disciplinary files, supervisor, or other side files, EEO files or other investigatory files that relate to any of the individual Defendants.

   **Response:**       Personnel files for Richard Fears, P.A., James Fitch and Lou Ann Millsap, R.N. are being produced. Salary and Social Security information have been redacted. Performance appraisals have been withheld, due to the individuals' personal and privacy rights. These defendants have no personnel file for Vernon Farthing, Jr., M.D.

22.   Job descriptions for each position held by each individual Defendant from 2007 to the present.

   **Response:**       These defendants are producing responsive documents.

23.   Organization charts or similar document depicting management, oversight, responsibility, or staffing, including medical staffing, of RCDC III at all times from 2007 to the present.

   **Response:**       These defendants are producing a minimum staffing pattern for Reeves County Detention Center R-3 Health Services Unit, which is responsive to the request.

24.   Any and all documents that are (1) related to any proceeding against any of the Defendants whether administrative, civil, or criminal that was commenced within ten years of the filing of the Complaint in this matter and that was based upon allegations of false statements or falsifications of any kind, medical malpractice or negligence claims or any other claims based on allegations of deficient medical care, assault and battery, violation of the Eighth, Fourth, or Fourteenth amendments to the U.S. Constitution, or of a policy and practice and custom of imposing dangerous or hazardous conditions on prisoners, and that (2) reflect the claims asserted, the forum and status of the proceeding, and the disposition of the proceeding.

**Response:** Responsive documents may be obtained from the clerks of the Courts identified in defendant Physicians Network Association's response to plaintiffs' interrogatory 2, and Vernon Farthing, M.D.'s response to plaintiffs' interrogatory 2.

25. Any and all documents related to any type of accreditation or licensing of RCDC III by any private or public entity, including, but not limited, to the American Correctional Association, The Joint Commission on Accreditation of Health Care Organizations, the Board of Prisons Intergovernmental Agreement and Statement of Work, or the National Commission on Correctional Health Care.

**Response:** These defendants are producing documentation pertinent to the Joint Commission on Accreditation of Healthcare Organizations.

26. Any and all employment contracts, agreements, or letters describing the terms of individual Defendants' employment in connection with RCDC III from 2007 to the present.

**Response:** These defendants have no responsive documents beyond those contained in the personnel files produced in response to request 21.

27. All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to disciplinary segregation of inmates, disciplinary housing, assignment to and removal from the SHU, monitoring inmates held in the SHU, medical care provided to inmates in the SHU, and observation of inmates requiring medical observation in the SHU at RCDC III from 2007 to the present.

**Response:** Please refer to the BOP public website, www.bop.gov, for copies of BOP program P6031.01 regarding patient care. These defendants are also producing copies of RCDC III policies on health appraisal and chronic care and dental care.

28. All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the provision of health care to inmates, including the means of evaluating or assessing inmates for health problems; the treatment of inmates in need of medical observation, observation care, or observation beds; the provision of prescription drug medication to inmates; provision of dental care; procedures for chronic or acute care, including hospitalization and after-hours care; conducting laboratory tests and processing and reporting results; determination of which prescription medication will be prescribed to inmates; the movement of inmates from observation to a community hospital or other off-site medical services provider; and any emergency transfer plans at RCDC III from 2007 to the present. The Request also includes a copy of the Policy and Procedure (or Practice) Manual, Treatment or Patient Care Protocols, Standard Operating Procedures and BOP Clinical Practice Guidelines related to health care provision at RCDC III.

**Response:** Responsive BOP program statements can be located through use of the policy locator, which can be found at http://www.bop.gov/DataSource/execute/dsPLoc. Responsive clinical practice guidelines are available through the Bureau of Prisons public website at htt://www.bop.gov/news/medresources.jsp. These defendants are producing copies of the formulary for 2007 and 2008, and copies of Reeves County Detention Center III policies on health appraisal and chronic care and dental care. Refer also to the above-referenced Bureau of Prisons public website for copies of program statements P6031.01 (patient care), P6360.01 (pharmacy services) and P6400.02 (dental services)

29. All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the filing, processing, or review of medical grievances received from inmates, including procedures for responding to formal or informal reports of medical grievances at RCDC III from 2007 to the present.

**Response:** See defendant Physicians Network Association's answer to plaintiffs' interrogatory 9; these defendants have no additional responsive documents.

30. All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to staffing of medical personnel at RCDC III from 2007 to the present.

**Response:** See document produced in response to request 23.

31. Any and all documents regarding the occurrence and circumstances of each death of an RCDC inmate from 2006 to the present, regardless of the inmate's physical location at the time of death and the actual or suspected cause of death. In this Request, the term "RCDC inmate" includes persons who were RCDC I, II, or III inmates at the time of their death, or who died at a health care facility or other BOP facility following transfer for medical treatment from RCDC. This Request includes any and all documents pertaining to the cause of death, reports of investigations into the circumstances surrounding the death, any requests for medical help by anyone regarding the inmate, the inmate death report submitted to BOP or Reeves County, the morality review, any Coroner's report or autopsy, and correspondence to or from BOP or any Defendant or the deceased inmate's family members.

**Response:** See these defendants' objections and supplemental objections. These defendants have not received permission from the Bureau of Prisons to release any responsive documents. These defendants understand that federal defendants herein have applied for a stay of discovery that would include production of responsive information.

32. A copy of the forms used for Inmate Intake Screening, Health Appraisal, and Mental Health Appraisal at RCDC III.

**Response:** These defendants are producing responsive documents.

8

33.  A copy of the forms utilized by inmates in order to access medical, dental, or mental health care services in RCDC III.

**Response**:  These defendants are producing responsive documents.


34.  Any and all documents, notes or memoranda regarding the procedures to be used for medical assessment or medical screening procedures for new inmates.

**Response**:  These defendants are producing responsive documents.


35.  Documents stating, describing, or evidencing credentials of medical staff at RCDC III from 2007 to the present, including educational, professional, and licensing information.

**Response**:  These defendants are producing a curriculum vitae for Vernon C. Farthing, Jr., M.D.  Responsive documents for defendants Brady, Fears, Fitch and Millsap are being produced in response to request 21.


36.  Any and all reports, summaries, or other compilations of data regarding the number of inmates who received medical services off site at a community hospital or other medical services provider from 2007 to the present.

**Response**:  Responsive documents for 2007 and 2008 are being produced.


37.  Any and all records or documents reflecting the identity of the inmates in need of medical care or observation who were assigned to the SHU, including copies of any grievances or requests for medical assistance filed by or on behalf of such inmates from 2007 to the present along with any corresponding responses, logs or other documentation of those requests for medical assistance.

**Response**:  See previously submitted objections and supplemental objections.


38.  Any and all reports, summaries, memoranda, or other compilations of data, whether formal or informal, regarding grievances and inmate complaints relating to the provision of medical care from 2007 to the present at RCDC III.

**Response**:  See previously submitted objections and supplemental objections for any and all inmates other than Jesus Galindo.  Responsive documents pertaining to Jesus Galindo would be contained in the medical records referenced in response to request 11.


39.  Any and all documents used in connection with training of RCDC staff, including providers of medical services, concerning disciplinary segregation of inmates, disciplinary housing, assignment to and removal from the SHU, monitoring inmates held in the SHU, medical care provided to inmates in the SHU, observation of inmates requiring medical observation in the SHU, and the provision of medical care to inmates.

**Response:** These defendants will produce any non-privileged documents under the custody or control of defendant Physicians Network Association that can be located.

40. A copy of the formulary list for pharmaceuticals available at RCDC III from 2007 to the present.

     **Response:** See documents produced in response to request 28.

41. Any and all documents and communications reflecting policies, procedures, protocols relating to the administration of pharmacy services, whether activities related to said services are conducted at RCDC or elsewhere, including the Pharmacy Technical Reference Manual, the pharmacy policy manual, any policies, procedures, or protocols used for obtaining non-formulary medication, administering and distributing medication, or related to Medical Administration Records.

     **Response:** In addition to the documents produced and/or referenced in response to request 28, these defendants will produce any further non-privileged responsive documents that can be located.

42. Any and all documents and communications reflecting policies, procedures, or protocols used for allowing "keep on person" medications in the treatment of RCDC inmates.

     **Response:** These defendants will produce non-privileged responsive documentation that can be located.

43. Copies of the chronic disease log and referral log book at RCDC III from 2007 to the present.

     **Response:** These defendants will produce non-privileged responsive documentation that can be located.

44. Copies of the SHU Admission logs, Temporary Placement in Disciplinary Segregation Order reports, Segregation Review forms, Medical Observation Admission logs, and any other segregation or observation logs, including logs that reflect staff movements in and out of the SHU, from December 20, 2007, to December 22, 2008.

     **Response:** See previously submitted objections and supplemental objections. As to Jesus Galindo, any responsive documents would be contained in the medical records being referenced in response to request 11.

45. Any and all documents regarding assignment of inmates in the SHU facilities at RCDC I, RCDC II, and RCDC III, including the nature and custody status of the population confined in the SHU facilities, the average duration of their confinement, and access to medical services in the SHU, and documents reflecting assignment of inmates to SHU for medical purposes, from 2007 to the present.

     **Response:** See documents referenced in response to request 27.

46. Any and all documents reflecting the physical condition or maintenance of the SHU facilities at RCDC III from 2007 to the present, including communications, memoranda, work requests or orders, maintenance reports, invoices for work requested or performed, or photographs.

   **Response**: These defendants have no responsive documents, and assume that such would be under the care, custody or control of other parties.

47. Any and all documents that reflect the use of intercoms or audio or video surveillance used in the SHU or used to monitor inmates in need of medical observation, including any policies or protocols and any records regarding the use of such equipment at RCDC III from 2007 to the present.

   **Response**: These defendants have no responsive documents, and assume that such would be under the care, custody or control of other parties.

48. Documents reflecting the staffing of the SHU, from December 20, 2007, to December 22, 2008, including any duty assignment rosters, nurse on duty rosters, daily duty rosters, shift counts, post orders, logs, medical care staff work schedules, time records, and staffing records showing correctional and health care providers assignments, overtime, and vacancies.

   **Response**: Responsive documents will be contained in the medical records referenced in response to request 11.

49. Documents reflecting the staffing for the provision of medical care at RCDC III from December 20, 2007, to December 22, 2008, including any duty assignment rosters, nurse on duty rosters, daily duty rosters, shift counts, post orders, logs, medical care staff work schedules, time records, and staffing records showing correctional and health care providers assignments, overtime, and vacancies.

   **Response**: These defendants will produce responsive documentation once available.

50. Copies of the schedules for: sick call, physician call, and the chronic clinic.

   **Response**: These defendants will produce responsive documentation once available.

51. Any and all documents reflecting the communication, whether verbal or written, with BOP officials regarding distribution of staff, including requests for change in the number, type or distribution of staff at RCDC III, in the SHU, or in order to provide medical care.

   **Response**: These defendants have no responsive documents.

52. Documents stating, describing, or evidencing the number and type of correctional officer and medical provider positions allotted for and actually filled in RCDC III from 2007 to the present, including any staffing plans and any documents reflecting the number of person-hours (or similar metrics) worked by correctional officer and medical care providers.

**Response:** In addition to the document produced in response to request 23, these defendants will produce any additional responsive documentation that can be located.

53. All contracts, subcontracts, service agreements, memoranda of understanding, or lease agreements, including any amendments, modifications, revisions, renewals, or extensions thereto, relating to the detention of inmates at RCDC III from 2007 to the present between (a) Reeves County and BOP (including the CAR-5 contract and BOP Statement of Work); (b) Reeves County and GEO; (c) Reeves County and PNA; and (d) any Defendant and any other entity for the provision of medical services for inmates.

   **Response:** See documents being produced in response to request 55.

54. Any and all invoices related to services provided at RCDC III from 2007 to the present, including all Reeves County invoices to BOP under the CAR-5 contract, all monthly invoices submitted to Reeves County by PNA, and all monthly invoices submitted to Reeves County by GEO. This Request also includes any records showing a reduction or withholding of payment to Reeves County, GEO, or PNA for failure to perform a service required under the applicable contract.

   **Response:** Invasive of PNA's privacy rights, as the publication of such information may adversely affect said defendant's standing and competitive position in the industry. These defendants will work with all other parties herein to formulate a mutually acceptable procedure for the protection and confidentiality of such information, to the extent discoverable.

55. Any and all documents related to the solicitation, evaluation, issuance, or renewal of contracts between Reeves County and GEO or PNA, including all records relating to: any initial offers, revisions to the offer, the final offer, all successful and unsuccessful bids, any amended proposals, any past performance records, technical proposal records, bid evaluation records, documents indicating the criteria to be used in making a final selection, and minutes and audio recordings of Commissioner's Court.

   **Response:** These defendants are producing a copy of the Medical Services Agreement between Physicians Network Association and Reeves County Commissioners Court for the Reeves County Detention Center R-3.

56. Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by BOP of Reeves County, GEO, or PNA, including warnings, notifications, or other communication from BOP or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from BOP following such actions.

   **Response:** See previously submitted objections and supplemental objections. These defendants have not received authorization from the Bureau of Prisons to release any responsive information.

57. Documents relating to reviews, audits, examinations, inspections, or evaluations conducted by the Department of Justice, the Department of Homeland Security, the Office of the Inspector General, or any other governmental entity, including regulatory agencies, or by independent monitoring or

evaluating entities, including JCAHO, the Commission of Accreditation for Corrections, or any other non-governmental entity. This Request includes findings, reports, memos, correspondence, audits, surveys, working papers, meeting minutes, and other documents generated by the entity conducting the inspection as well as responses regarding the findings.

**Response:** See previously submitted objections and supplemental objections. These defendants have not received authorization from the Bureau of Prisons to release any responsive information. Subject thereto, see document produced in response to request 25.

58. Any and all documents relating to reports, audits, assessments, reviews, examinations, inspections, or evaluations prepared by or for Reeves County, GEO, or PNA regarding the provision of medical care, staffing, pharmacy services or segregated housing units at RCDC III, including the composition and title of the auditing team, their working papers, and meetings minutes.

**Response:** See previously submitted objections and supplemental objections. These defendants have not received authorization from the Bureau of Prisons to release any responsive information. Subject thereto, these defendants will produce any non-privileged responsive information for which they receive authorization to release.

59. Any and all manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, and other advisory or guidance materials by Reeves County, GEO, or PNA relating to: (a) Reeves County, GEO, or PNA's procedures for requiring and/or responding to formal or informal reports of medical grievances by inmates, and (b) Reeves County, GEO, or PNA's auditing, monitoring, or supervising the provision of health care, provision of prescription medication, staffing levels, and inmate segregated housing at RCDC III.

**Response:** See response to requests 28 and 29.

60. Any and all documents produced by or provided to the Reeves County Monitor assigned to RCDC III from 2007 to the present.

**Response:** These defendants have no responsive documents.

61. Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by Reeves County of GEO or PNA, including warnings, notifications, or other communication from Reeves County or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from Reeves County following such actions.

**Response:** These defendants have no responsive documents.

62. Any and all memoranda, letters, notes, email messages, meeting minutes or summaries, correspondence, and all other documents referring or relating to the quality, adequacy, or timeliness or health care provided at RCDC III, including all criticisms; critiques, or identification of deficiencies in the provision of medical care at RCDC III, from 2007 to the present.

   **Response**: See previously submitted objections and supplemental objections. These defendants have no responsive documents concerning Jesus Galindo other than the peer review and root cause analysis that was completed on or about December 22, 2008, subsequent to the events giving rise to this lawsuit, which are privileged and being withheld.

63. All minutes of meetings of RCDC III medical care providers, and any other meetings at which the medical status of inmates is discussed, including medical staff meetings, housing unit meetings, infirmary staff meetings, and wardens' or deputy wardens' meetings, and meetings of any group, committee, or other body that determines whether or when a RCDC III inmate will receive out-of-institution medical care or consultation or treatment from 2007 to the present.

   **Response**: See previously submitted objections and supplemental objections. These defendants will produce any non-privileged responsive documents upon authorization from Reeves County and/or GEO Group.

64. Any treatment guidelines or other guidances, memoranda, policies, procedures, or post orders, including BOP Clinical Practice Guidelines, regarding the treatment of epilepsy, seizures, or gingival hyperplasia, and the use of Dilatin, Topomax, or any other anti-seizure medication at RCDC III.

   **Response**: See documents produced and/or referenced in response to request 28.

65. Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

   **Response**: See previously submitted objections and supplemental objections. The request is so broad and vague that these defendants cannot reasonably fashion a response thereto.

| | | |
|---|---|---|
| GRACIELA GALINDO; JESUS GALINDO, SR.; EDITH GALINDO, Individually and as Next Friend of MARGARITA GALINDO, and as Representative of the ESTATE OF JESUS MANUEL GALINDO; ERICA LOZANO, as Next Friend of JOHNATHAN GALINDO and JACOB GALINDO; and JANNETTE FLORES ESTRADA, as Next Friend of LESLIE ESTRADA, | § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. EP-10-CA-454-DB-NJG |
| REEVES COUNTY, TEXAS; THE GEO GROUP, INC.; PHYSICIANS NETWORK ASSOCIATION; and in their Individual Capacities: VERNON FARTHING, M.D.; WALTER BRADY, D.O.; RICHARD FEARS, P.A.; JAMES FITCH; LOU ANN MILLSAP, R.N.; FNU BULLOCK; Warden DWIGHT SIMS; Capt. CHAD DEVIVO; LT. KENNETH MARTIN; JAMES BURRELL, Federal Bureau of Prisons (BOP) Privatization Management Branch Administrator; MATTHEW NACE, Chief, BOP Acquisitions Branch; EDUARDO DE JESUS, M.D., BOP Medical Auditor; and DONNA GRUBE, BOP Contracting Officer, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## SUPPLEMENTAL RESPONSES OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION AND VERNON FARTHING, M.D. TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Come now Physicians Network Association and Vernon Farthing, M.D., two of the defendants herein, subject to and without waiving their objections and supplemental objections, and submit the following supplemental responses to plaintiffs' first set of document requests, in addition to all previous responses.

6941-125/KMYF/1064047



EXHIBIT
D

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
       H. Keith Myers
       State Bar #14760400
       Attorneys for Defendants PNA, Farthing,
       Fears, Fitch & Millsap

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 26th of September, 2011 by facsimile transmission to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Ms. Lisa Graybill, ACLU Foundation of Texas, P. O. Box 12905, Austin, TX 78711-2905; by mail to Mr. Eduardo R. Castillo, Assistant United States Attorneys, 700 E. San Antonio, Suite 200, El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

2

31.    Any and all documents regarding the occurrence and circumstances of each death of an RCDC inmate from 2006 to the present, regardless of the inmate's physical location at the time of death and the actual or suspected cause of death. In this Request, the term "RCDC inmate" includes persons who were RCDC I, II, or III inmates at the time of their death, or who died at a health care facility or other BOP facility following transfer for medical treatment from RCDC. This Request includes any and all documents pertaining to the cause of death, reports of investigations into the circumstances surrounding the death, any requests for medical help by anyone regarding the inmate, the inmate death report submitted to BOP or Reeves County, the morality review, any Coroner's report or autopsy, and correspondence to or from BOP or any Defendant or the deceased inmate's family members.

> **Supplemental Response:**    See these defendants' objections and supplemental objections. These defendants have not received authorization from families or representatives of deceased inmates for release of medical records. Any root cause analysis or peer review investigation of any inmate's death would be subject to the previously cited privileges.

39.    Any and all documents used in connection with training of RCDC staff, including providers of medical services, concerning disciplinary segregation of inmates, disciplinary housing, assignment to and removal from the SHU, monitoring inmates held in the SHU, medical care provided to inmates in the SHU, observation of inmates requiring medical observation in the SHU, and the provision of medical care to inmates.

> **Supplemental Response:**    These defendants are producing a copy of policy A-37.1, regarding medication administration training.

42.    Any and all documents and communications reflecting policies, procedures, or protocols used for allowing "keep on person" medications in the treatment of RCDC inmates.

> **Supplemental Response:**    These defendants are producing copies of policy nos. A-37, A-37.1 and A-38 regarding pharmaceuticals and medications.

49.    Documents reflecting the staffing for the provision of medical care at RCDC III from December 20, 2007, to December 22, 2008, including any duty assignment rosters, nurse on duty rosters, daily duty rosters, shift counts, post orders, logs, medical care staff work schedules, time records, and staffing records showing correctional and health care providers assignments, overtime, and vacancies.

> **Supplemental Response:**    These defendants are producing additional responsive documents, identifying employees who were active during the requested time frame, with their home addresses and earnings information redacted.

52.    Documents stating, describing, or evidencing the number and type of correctional officer and medical provider positions allotted for and actually filled in RCDC III from 2007 to the present,

3

including any staffing plans and any documents reflecting the number of person-hours (or similar metrics) worked by correctional officer and medical care providers.

**Supplemental Response:** In addition to the previously submitted document, see information concerning staffing contained in documents produced in response to request 63.

63. All minutes of meetings of RCDC III medical care providers, and any other meetings at which the medical status of inmates is discussed, including medical staff meetings, housing unit meetings, infirmary staff meetings, and wardens' or deputy wardens' meetings, and meetings of any group, committee, or other body that determines whether or when a RCDC III inmate will receive out-of-institution medical care or consultation or treatment from 2007 to the present.

**Supplemental Response:** These defendants are producing copies of minutes from quarterly warden's meetings, and pharmacy & therapeutics meetings during the relevant time period. These defendants are withholding minutes of quality improvement committee meetings dated October 2, 2008 and January 14, 2009, and of PNA's infection control committee meetings dated January 14, 2009 and October 2, 2008, which are privileged and confidential under Tex. Health & Safety Code § 161.032.

65. Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

**Supplemental Response:** See documents produced in response to request 63.

4

| | | |
|---|---|---|
| GRACIELA GALINDO; JESUS GALINDO, SR.; EDITH GALINDO, Individually and as Next Friend of MARGARITA GALINDO, and as Representative of the ESTATE OF JESUS MANUEL GALINDO; ERICA LOZANO, as Next Friend of JOHNATHAN GALINDO and JACOB GALINDO; and JANNETTE FLORES ESTRADA, as Next Friend of LESLIE ESTRADA, | § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. EP-10-CA-454-DB-NJG |
| REEVES COUNTY, TEXAS; THE GEO GROUP, INC.; PHYSICIANS NETWORK ASSOCIATION; and in their Individual Capacities: VERNON FARTHING, M.D.; WALTER BRADY, D.O.; RICHARD FEARS, P.A.; JAMES FITCH; LOU ANN MILLSAP, R.N.; FNU BULLOCK; Warden DWIGHT SIMS; Capt. CHAD DEVIVO; LT. KENNETH MARTIN; JAMES BURRELL, Federal Bureau of Prisons (BOP) Privatization Management Branch Administrator; MATTHEW NACE, Chief, BOP Acquisitions Branch; EDUARDO DE JESUS, M.D., BOP Medical Auditor; and DONNA GRUBE, BOP Contracting Officer, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## SECOND SUPPLEMENTAL RESPONSES OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION AND VERNON FARTHING, M.D. TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Come now Physicians Network Association and Vernon Farthing, M.D., two of the defendants herein, subject to and without waiving their objections and supplemental objections, and submit the following second supplemental responses to plaintiffs' first set of document requests, in addition to all previous responses.

**EXHIBIT**

E

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants PNA, Farthing,
Fears, Fitch & Millsap

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 16th of November, 2011 by facsimile transmission to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

2

9.    Any and all documents relating or referring to Galindo or any of the plaintiffs in this matter.

**Second Supplemental Response:**    These defendants are producing additional records that have been located regarding Mr. Galindo; identifying information as to other inmates has been redacted.

11.    Any and all documents relating to medical care provided (or denied) to Galindo, including his medical files, treatment plan, inmate intake screening, health appraisal, nurse's notes, and notification and documentation of off-site treatment.

**Second Supplemental Response:**    See additional records produced in response to request 9.

16.    Any and all documents relating to any handbook or other documents provided to RCDC III inmates regarding rules, rights, responsibilities, policies, or procedures at RCDC III, including instructions on accessing medical care. This Request also includes records reflecting which materials were provided to Galindo.

**Second Supplemental Response:**    These defendants are producing a copy of the 2011 Inmate Handbook, which is the only version presently available to them. If and when any other version is located, it will be produced.

23.    Organization charts or similar document depicting management, oversight, responsibility, or staffing, including medical staffing, of RCDC III at all times from 2007 to the present.

**Second Supplemental Response:**    These defendants are producing an organizational chart responsive to the request, and a vacancy report dated May 1, 2008.

25.    Any and all documents related to any type of accreditation or licensing of RCDC III by any private or public entity, including, but not limited, to the American Correctional Association, The Joint Commission on Accreditation of Health Care Organizations, the Board of Prisons Intergovernmental Agreement and Statement of Work, or the National Commission on Correctional Health Care.

**Second Supplemental Response:**    These defendants are producing additional responsive documents related to the accreditation activity in April 2009 from the Joint Commission.

28.    All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the provision of health care to inmates, including the means of evaluating or assessing inmates for health problems; the treatment of inmates in need of medical observation, observation care, or observation beds; the provision of prescription drug medication to inmates; provision of

3

dental care; procedures for chronic or acute care, including hospitalization and after-hours care; conducting laboratory tests and processing and reporting results; determination of which prescription medication will be prescribed to inmates; the movement of inmates from observation to a community hospital or other off-site medical services provider; and any emergency transfer plans at RCDC III from 2007 to the present. The Request also includes a copy of the Policy and Procedure (or Practice) Manual, Treatment or Patient Care Protocols, Standard Operating Procedures and BOP Clinical Practice Guidelines related to health care provision at RCDC III.

**Second Supplemental Response:**    These defendants are producing additional responsive documents as in effect in 2007-2008, and the 2011 PNA Medical Policies and Procedures.

40.    A copy of the formulary list for pharmaceuticals available at RCDC III from 2007 to the present.

**Second Supplemental Response:**    These defendants are producing a copy of the 2009 approved formulary.

58.    Any and all documents relating to reports, audits, assessments, reviews, examinations, inspections, or evaluations prepared by or for Reeves County, GEO, or PNA regarding the provision of medical care, staffing, pharmacy services or segregated housing units at RCDC III, including the composition and title of the auditing team, their working papers, and meetings minutes.

**Second Supplemental Response:**    These defendants are producing a responsive document regarding year-end 2007. In connection with previously submitted objections and supplemental objections, these defendants are withholding internal documents concerning CFM audits and review of internal operations and procedures in response to CFM audits, as such documents are proprietary, and inextricably intertwined with quality assurance and peer review and the deliberative process.

65.    Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

**Second Supplemental Response:**    These defendants are withholding internal documents concerning review of internal operations and procedures in response to CFM audits, as such documents are proprietary, and inextricably intertwined with quality assurance and peer review and the deliberative process.

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GRACIELA GALINDO; JESUS      §
GALINDO, SR.; EDITH GALINDO,   §
Individually and as Next Friend of   §
MARGARITA GALINDO, and as    §
Representative of the ESTATE OF   §
JESUS MANUEL GALINDO; ERICA  §
LOZANO, as Next Friend of      §
JOHNATHAN GALINDO and JACOB  §
GALINDO; and JANNETTE FLORES  §
ESTRADA, as Next Friend of LESLIE  §
ESTRADA,               §
                   §
     Plaintiffs,       §
v.                 §     No. EP-10-CA-454-DB-NJG
                 §
REEVES COUNTY, TEXAS; THE GEO  §
GROUP, INC.; PHYSICIANS NETWORK  §
ASSOCIATION; and in their Individual  §
Capacities: VERNON FARTHING, M.D.;  §
WALTER BRADY, D.O.; RICHARD  §
FEARS, P.A.; JAMES FITCH; LOU ANN  §
MILLSAP, R.N.; FNU BULLOCK;  §
Warden DWIGHT SIMS; Capt. CHAD  §
DEVIVO; LT. KENNETH MARTIN;  §
JAMES BURRELL, Federal Bureau of  §
Prisons (BOP) Privatization Management  §
Branch Administrator; MATTHEW NACE,  §
Chief, BOP Acquisitions Branch;  §
EDUARDO DE JESUS, M.D., BOP  §
Medical Auditor; and DONNA GRUBE,  §
BOP Contracting Officer,    §
                   §
     Defendants.     §

## THIRD SUPPLEMENTAL RESPONSES OF DEFENDANTS PHYSICIANS NETWORK ASSOCIATION AND VERNON FARTHING, M.D. TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

Come now Physicians Network Association and Vernon Farthing, M.D., two of the defendants herein, subject to and without waiving their objections and supplemental objections, and submit the following third supplemental responses to plaintiffs' first set of document requests, in addition to all previous responses.



EXHIBIT

F

6941-125/KMYE/1072436

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79950-1977
(915) 532-2000
FAX (915) 541-1526

By: _____
H. Keith Myers
State Bar #14760400
Attorneys for Defendants PNA, Farthing,
Fears, Fitch & Millsap

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this 8th of December, 2011 by mail to Ms. Cara A. Hendrickson, Attorney for Plaintiffs, 70 W. Madison Street, Suite 4000, Chicago, Illinois 60602; by hand delivery, return receipt requested, to Mr. Leon Schydlower and Mr. Miguel Angel Torres, Attorneys for Plaintiffs, 210 N. Campbell Street, El Paso, Texas 79901; by hand delivery to Mr. Richard Bonner, Attorney for Defendant Reeves County Texas, 221 N. Kansas, Suite 1700, El Paso, Texas 79901; by mail to Mr. Denis Dennis, Attorney for Defendant GEO Group, P. O. Box 1311, Odessa, Texas 79760; and by mail to Ms. Cynthia Llamas, Attorneys for Defendant Brady, 124 W. Castellano Drive, Suite 100, El Paso, Texas 79912.

_____
H. Keith Myers

2

28. All materials, including manuals, policies, rules, regulations, protocols, instructions, circulars, practices, principles, procedures, requirements, standards, operational plans, post orders, memoranda and other advisory or guidance materials or communications by the Defendants related to the provision of health care to inmates, including the means of evaluating or assessing inmates for health problems; the treatment of inmates in need of medical observation, observation care, or observation beds; the provision of prescription drug medication to inmates; provision of dental care; procedures for chronic or acute care, including hospitalization and after-hours care; conducting laboratory tests and processing and reporting results; determination of which prescription medication will be prescribed to inmates; the movement of inmates from observation to a community hospital or other off-site medical services provider; and any emergency transfer plans at RCDC III from 2007 to the present. The Request also includes a copy of the Policy and Procedure (or Practice) Manual, Treatment or Patient Care Protocols, Standard Operating Procedures and BOP Clinical Practice Guidelines related to health care provision at RCDC III.

**Third Supplemental Response:**    These defendants are producing additional responsive documents.

36. Any and all reports, summaries, or other compilations of data regarding the number of inmates who received medical services off site at a community hospital or other medical services provider from 2007 to the present.

**Third Supplemental Response:**    Additional responsive documents are being produced.

49. Documents reflecting the staffing for the provision of medical care at RCDC III from December 20, 2007, to December 22, 2008, including any duty assignment rosters, nurse on duty rosters, daily duty rosters, shift counts, post orders, logs, medical care staff work schedules, time records, and staffing records showing correctional and health care providers assignments, overtime, and vacancies.

**Third Supplemental Response:**    These defendants are producing copies of work schedules that have been located to date.

52. Documents stating, describing, or evidencing the number and type of correctional officer and medical provider positions allotted for and actually filled in RCDC III from 2007 to the present, including any staffing plans and any documents reflecting the number of person-hours (or similar metrics) worked by correctional officer and medical care providers.

**Third Supplemental Response:**    See documents produced in response and supplemental response to request 49.

57. Documents relating to reviews, audits, examinations, inspections, or evaluations conducted by the Department of Justice, the Department of Homeland Security, the Office of the Inspector General, or any other governmental entity, including regulatory agencies, or by independent monitoring or evaluating entities, including JCAHO, the Commission of Accreditation for Corrections, or any other non-governmental entity. This Request includes findings, reports, memos, correspondence,

3

audits, surveys, working papers, meeting minutes, and other documents generated by the entity conducting the inspection as well as responses regarding the findings.

**Third Supplemental Response:**     These defendants are producing documents received from the Texas Department of State Health Services regarding infectious disease intervention and control, with identifying information for inmates (other than Jesus Galindo) redacted.

58.     Any and all documents relating to reports, audits, assessments, reviews, examinations, inspections, or evaluations prepared by or for Reeves County, GEO, or PNA regarding the provision of medical care, staffing, pharmacy services or segregated housing units at RCDC III, including the composition and title of the auditing team, their working papers, and meetings minutes.

**Third Supplemental Response:**     These defendants are withholding internal chart audit and review documents, including QCP work pages, monthly quality improvement physician clinical chart reviews and QCP audits, which are proprietary and privileged as related to quality improvement/control and/or peer review, and contain identifying information about inmates other than Jesus Galindo, the production of which have not been authorized by or on behalf of any such inmates.

61.     Any and all documents related to or otherwise indicating remedial or corrective actions requested or required by Reeves County of GEO or PNA, including warnings, notifications, or other communication from Reeves County or its agents advising of unsatisfactory conditions or non-compliance services, materials related to procedures for requiring remedial steps, plans of action, and any response, investigation, or conclusion from Reeves County following such actions.

**Third Supplemental Response:**     These defendants are producing documents regarding safety and sanitation monthly inspections.

63.     All minutes of meetings of RCDC III medical care providers, and any other meetings at which the medical status of inmates is discussed, including medical staff meetings, housing unit meetings, infirmary staff meetings, and wardens' or deputy wardens' meetings, and meetings of any group, committee, or other body that determines whether or when a RCDC III inmate will receive out-of-institution medical care or consultation or treatment from 2007 to the present.

**Third Supplemental Response:**     These defendants are additionally withholding minutes of meetings related to quality control and infection control dated January 2, 2008, April 9, 2008, July 9, 2008, July 10, 2008, July 21, 2008, October 2, 2008 and December 3, 2008, in keeping with previously submitted objections and supplemental objections. See response and all supplemental responses to request 58.

4

65.   Any and all documents describing quality measurement systems for health care services and clinical care quality and performance improvement programs used by any Defendant.

**Third Supplemental Response:**   These defendants are producing responsive documents regarding quality goals and objectives. These defendants are withholding internal and QCP audit documents pursuant to previously submitted objections and supplemental objections; such documents as proprietary and inextricably intertwined with quality assurance and peer review and the deliberative process.

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRACIELA GALINDO, *et al.*, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | No. EP-10-CA-454-DB-NJG |
| v. | § | |
| | § | |
| REEVES COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF VERNON FARTHING, III

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF LUBBOCK | § |



BEFORE ME, the undersigned authority, on this day personally appeared Vernon Farthing, III, who, being by me duly sworn, deposed as follows:

My name is Vernon Farthing, III. I am over the age of eighteen years, and am competent to make this affidavit. The factual statements contained herein are within my personal knowledge, true and correct.

Prior to December 2010, I served as president of Physicians Network Association ("PNA"), a professional corporation that provided health care personnel and services to inmates in various prison facilities. In December 2010, Physicians Network Association merged with Correctional Health Companies, and I am now a vice president with that entity.

PNA compiles internal data regarding off-site medical care for inmates at various facilities, including Reeves County Detention Center ("RCDC"). These documents would reflect industry contacts, specifically with doctors who are willing to see inmates as patients, developed through years of experience and fostered goodwill. These documents would reflect financial agreements made by PNA and the doctors within its network. This information is not broadcast outside of PNA and is considered to be a trade secret. Further, the network of doctors, together with the financial agreements, would be known by a limited



number of individuals within PNA such as the vice president and site administrator. This information would carry immeasurable value and provide an unwanted benefit to competitors as to the identity of doctors who are willing to treat inmates and the terms under which they do so for PNA. PNA's competitors could foreseeably gain a marked advantage from access to such otherwise private information.

PNA has invoices related to services provided at RCDC that may include records showing a reduction or withholding of payment for failure to perform a service. These documents will reveal the type of service PNA is able to provide and at what rate. This information would be valuable to competitors who could utilize it to offer competitive rates and undercut PNA. Further, an audit conducted by the Bureau of Prisons, which may result in a deduction, would disclose essential information about the inner practices and workings of PNA. It takes six months of labor with thirty full-time employees to prepare for an audit. Only employees at the CEO and Executive Vice President level handle the information regarding deductions. If competitors were aware of the practices of PNA they would be able to utilize them unfairly in their own proposals endangering the prospects for PNA to retain or obtain further contracts. Moreover, documents with information regarding these audits contain internal communications that reflect quality controls that have been taken or may be taken. Disclosure of these documents would hamper communication and thus the implementation of such corrective actions, because of the concerns that such documents would be utilized during civil litigation. Furthermore, these audits contain the identifying BOP inmate numbers and reveal private medical information of inmates, including if they have HIVS/AIDS, venereal diseases and diabetes. These audits reflect highly private information to the inmates for which PNA has not received authorization for disclosure from said inmates or their families.

Following the death of Mr. Galindo, PNA prepared a Root Cause Analysis, which includes a timeline and a Twenty-Four Hour Mortality Review, which was generated exclusively for committee member and facility member evaluation as measures of peer review and quality control. The Committee consists of five licensed medical professionals formed for the purpose of improving the quality of inmate healthcare and proposes corrective action, if necessary. The Committee expects the documents and conversations to be privileged and confidential in order to be able to critique aggressively and with complete candor. Committee members will be disinclined to speak honestly and plainly if documents generated during the peer review process can be discovered and publicized during a civil action. The effectiveness of the Committee would be hampered because the committee members will be reluctant to provide a complete, honest evaluation and analysis during the review process.

PNA has expended many hours and resources searching for logs and reports on staffing, and any material related to Mr. Galindo and his death, as requested in discovery. PNA has advised both its Human Resource Department and Finance

Department to locate the requested information. The Denver officer ran a search in the robotic file storage area for such documents. Moreover, the individual health administrator at RCDC went into the storage room looking for material related to Mr. Galindo and the logs from the relevant time frame. The health administrator did this manually by sorting through boxes of files. Dozens of hours were expended in this effort.

Furthermore, there may be other records that PNA has been unable to produce to date due to thousands of documents being destroyed during the riots at RCDC in January 2009. During the riots, inmates of RCDC gained access to and control of the medical infirmary. The inmates then gained access to medical records, reports, internal memorandum, logs, schedules and notes being contained in a fireproof safe and in the control room. The inmates set fire to and defecated on the documents. These documents were not salvageable. There are no duplicates of the documents that were destroyed.

With respect to documentation of medical grievances requested in discovery herein, it would be unduly burdensome for PNA to locate information as to any medical grievances for inmates other than Mr. Galindo. Any such grievance would be filed within each inmate's medical record. PNA employees would have to search through each medical record of all inmates individually to determine if a grievance was made. This would require sifting through thousands of files during the relevant period, which could involve expenditure of countless hours and resources for its limited staff.

Further deponent sayeth not.

Vernon Farthing, III

SUBSCRIBED AND SWORN TO BEFORE ME this __6th__ day of February, 2012, to certify which witness my hand and seal of office.



NOTARY PUBLIC in and for the
State of Texas

LINDA KAY GREGG
Notary Public, State of Texas
My Commission Expires
May 05, 2015