IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRACIELA GALINDO, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | EP-10-CV-454-DB |
| | § | |
| REEVES COUNTY, TEXAS, et al., | § | |
| Defendants. | § | |

## ORDER OF SEVERANCE

On this day, the Court considered Defendants James Burrell ("Burrell"), Matthew Nace ("Nace"), Eduardo deJesus, M.D. ("deJesus"), and Donna Grube's ("Grube", collectively "BOP Defendants") "Motion for Entry of Final Judgment," filed in the above-captioned cause on February 15, 2012.

On November 29, 2011, the Court entered an Order, granting Plaintiffs' motion to dismiss Burrell, Nace, deJesus, and Grube with prejudice from the above-captioned cause.   In the instant Motion, the BOP Defendants seek an entry of final judgment.   After due consideration, the Court now enters an Order severing the settled claims from the active claims for the efficient administration of its docket.

Federal Rule of Civil Procedure 21 ("Rule 21" ) provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.   The court may also sever any claim against a party."   FED. R. CIV. P. 21.   "Rule 21 is an appropriate vehicle to sever or dismiss the claims of even properly joined parties."   *Blum v. Gen. Elec. Co.*, 547 F. Supp. 2d 717, 722 (W.D. Tex. 2008).   By severing claims under Rule 21, a district court creates two separate actions by which severed claims may proceed as discrete, independent actions.   *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992).   District courts may then render final judgment in "either one of the resulting two actions notwithstanding the continued

existence of unresolved claims in the other." *Id.* (internal quotation omitted).   Ultimately, district courts have broad discretion to sever claims under Rule 21.   *Brunet v. United Gas Pipeline Co.* 15 F.3d 500, 505 (5th Cir. 1994).

In the instant case, the Court entered an Order dismissing the claims against the BOP Defendants with prejudice.   Nevertheless, the claims against all other Defendants remain open and unresolved.   As such, the BOP Defendants argue that, absent final judgment, the pending litigation may negatively impact their credit rating.   Therefore, the Court is of the opinion that the dismissed claims should be severed from the active claims, and that the instant orders should enter:

**IT IS HEREBY ORDERED** that Plaintiffs' claims asserted against Defendants James Burrell, Matthew Nace, Eduardo deJesus, M.D., and Donna Grube be **SEVERED** from Plaintiffs' claims against the remaining Defendants.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions in the above-captioned cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court **ISSUE** a separate cause number to include the remaining Plaintiffs' action against all other Defendants.

**SIGNED** this **23rd** day of **February, 2012**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**